CROSS, Judge,
dissenting:
I respectfully dissent.
The majority misconstrues the law with regard to the crime of perjury as it now *1251 exists in the State of Florida. Since the case of Brannen v. State, 94 Fla. 656, 114 So. 429 (1927), Florida has been counted among those jurisdictions which recognize that if a witness recants within an appropriate time and under satisfactory circumstances, and makes known the truth before any prejudicial effects have accrued, then the offense of perjury has not been committed. See 25 Fla.Jur., Perjury § 44, at 40; 60 Am.Jur.2d, Perjury § 47, n.7; 64 A.L. R.2d, Recantation as Defense in Perjury Prosecutions, § 4. In the instant case, the trial court in a lengthy and carefully considered order entered on a stipulated statement of facts, determined that the appellee had properly recanted the incorrect testimony in essentially the same proceeding and had fully and completely apprised opposing counsel of the sought-after information.
In my view, no error was made to appear. I would, therefore, affirm the trial court’s dismissal of the information.